## Shaftic v. Commonwealth Coal & Coke Co.

## Pennsylvania Bituminous Casualty Co.'s Appeal.

*Workmen's compensation—Mines and mining—Violation of act —Gaseous and nongaseous mines—Act of June 9, 1911, P. L. 756 —Statutes—Construction—Penal statutes.*

1. Rule 25 of article XIV of the Bituminous Mining Act of June 9, 1911, P. L. 756, relating to the charging of holes for blasting, applies only to gaseous mines.

2. A miner who fails to comply with the provisions of the act in a nongaseous mine is not guilty of a misdemeanor, and is not barred from compensation under the Workmen's Compensation Act.

3. Statutes of a penal character are strictly construed.

Argued March 19, 1928.    Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 88, March T., 1928, by Pennsylvania Bituminous Casualty Co., insurance carrier, from judgment of C. P. Cambria Co., Sept. T., 1927, No. 901, affirming decision of Workmen's Compensation Board, in case of John Shaftic v. Commonwealth Coal & Coke Co. and

Pennsylvania Bituminous Casualty Co., insurance carrier. Affirmed.

Appeal from decision of Workmen's Compensation Board awarding compensation. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Pennsylvania Bituminous Casualty Co., insurance carrier, appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Harry J. Nesbit,* with him *Charles C. Greer,* for appellant.

*Peter P. Jurchak,* with him *George S. Dluzansky,* for appellee.

PER CURIAM, April 16, 1928:

Plaintiff, an experienced coal miner, employed in a nongaseous mine, was called by a fellow workman into an adjoining room in the mine to assist in discharging a blast required to "shoot down the coal"; a hole three and a half feet deep had been drilled into the coal, explosives placed in the cavity but not solidly tamped the full length, the fuse necessary to discharge the blast inserted and lighted, but, being defective, an explosion prematurely occurred, severely injuring both plaintiff and his fellow workman. Plaintiff now seeks to recover compensation for his injury under the provisions of the Workmen's Compensation Act. The referee made an award in claimant's favor and, the finding having been sustained by both the compensation board and the lower court, this appeal followed.

If claimant violated the provisions of the Bituminous Mining Act of June 9, 1911, P. L. 756, he cannot recover, otherwise he is entitled to an award. The portion of that act which applies and governs this case is Rule 25

of article XXV which reads as follows: "In gaseous mines, shot firers or other persons charging holes for blasting shall use incombustible material for tamping. All holes before being fired shall be solidly tamped the full length of the hole. Any person who violates this rule shall be deemed guilty of a misdemeanor." Appellant contends this rule applies to both gaseous and nongaseous mines, and consequently, as claimant failed to comply with the rule in not solidly tamping the explosive the full length of the hole, there can be no recovery. This rule is of a penal character, and, like statutes of that class, must be strictly construed. The legislative intention undoubtedly was to limit the rule to gaseous mines. It refers only to such mines, requires solid tamping for the full length of the hole with incombustible material, and makes it a misdemeanor to violate its necessary requirements, imposed for the safety of persons employed in mines obviously more dangerous than those free from gas. Had the legislature intended to include nongaseous operations within the terms of the rule, it would no doubt have definitely and in unmistakable language so provided. Not having incorporated words to that effect, no other conclusion can reasonably be reached than that the rule was meant to apply to gaseous mines exclusively. It is conceded the mine in this case was nongaseous, the rule referred to consequently does not apply; and claimant, being engaged in the course of his employment at the time of receiving the injury complained of, is entitled to receive compensation.

Judgment affirmed and it is ordered that an award be entered in claimant's favor in accordance with the stipulation of December 19, 1927, agreed upon by the parties. Costs to be paid by appellants.